IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

    IAMS FUNERAL HOME, INC.,                           BK No. 07-1397

        Appellant/Debtor,

v.                                            Civil Action No. 5:07CV170
                                                           (STAMP)
STATE OF WEST VIRGINIA ex rel.
DARRELL V. McGRAW, JR.,

        Appellee,

DAVID L. BISSETT,

        Trustee.

**MEMORANDUM OPINION AND ORDER
AFFIRMING ORDER AND MEMORANDUM OPINION
OF THE BANKRUPTCY COURT**

I. Background

At issue in this bankruptcy appeal is whether the State of West Virginia may proceed with an enforcement action against Iams Funeral Home, Inc. ("Iams") for alleged violations of West Virginia law when, after the action was commenced, Iams filed a petition for bankruptcy. Iams is a funeral home engaged in the funeral business in New Martinsville, West Virginia. As part of its funeral business, Iams performs approximately 20-30 "at-need" funeral contracts per year and, prior to 2006, sold "preneed" funeral contracts to members of the public. Preneed funeral contracts are defined by state law as:

> any contract, agreement, mutual understanding, series or combination of contracts, agreements and mutual understandings, including a contract that is financed by the purchase of an insurance policy or annuity, under

> which, for a specified consideration paid in advance of death in a lump sum or by installments, a person promises to furnish or make available or provide funeral services, funeral goods or burial goods for use at a time determinable by the death of the contract beneficiary who is either named or implied therein.

W. Va. Code § 47-14-2(12).

On October 24, 2007, the State of West Virginia, by Attorney General Darrell V. McGraw, filed suit against Iams in the Circuit Court of Wetzel County, West Virginia alleging that Iams, in the course of its business from 2001-present, has engaged in continuous violations of the West Virginia Preneed Funeral Contracts Act, W. Va. Code § 47-14-1 et seq., and the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 et seq. Following commencement of the State's action, Iams filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of West Virginia. Iams contends that the State's enforcement action must be considered automatically stayed pursuant 11 U.S.C. § 362(a). The State, on the other hand, argues that 11 U.S.C. § 362(b)(4), the "police and regulatory power" exception to the general automatic stay requirement, applies in this case and that its enforcement action can go forward.

On November 9, 2007, the State petitioned the bankruptcy court for an order finding that (1) the preneed funeral contracts held in trust by Iams are not property of the estate under 11 U.S.C. § 541(a) and that (2) the Attorney General's civil action against Iams is exempt from the operation of the automatic stay requirement pursuant to the exception set forth in 11 U.S.C. § 382(b)(4). In

the alternative, the State requested an order granting relief from the automatic stay. In response, Iams filed a motion in the bankruptcy court requesting damages for the State's alleged breach of the Bankruptcy Code's automatic stay provision.

On November 19, 2007, United States Bankruptcy Judge Patrick M. Flatley held a hearing on the parties' motions and found that the State's civil action against Iams is exempt from the automatic stay. The court entered an order granting the Attorney General's motion to the extent that it requested a finding that the police and regulatory power exception to the automatic stay provision of the Bankruptcy Code applies in this case.[1] The Court further ordered that Iams's motion for damages be denied. Thereafter, Circuit Court Judge John T. Madden entered a temporary injunction enjoining Iams from selling, maintaining or performing preneed contracts and directing Iams to transfer all open preneed contracts to other funeral homes.

On November 30, 2007, Iams appealed the order of the bankruptcy court. On December 6, 2007, Judge Flatley entered a memorandum opinion memorializing his November 19, 2007 ruling from the bench. Iams filed a brief in support of its appeal and the State filed a brief in opposition. Following review of the record

---

[1] Because the bankruptcy court ruled that the State's action against Iams is exempt from the automatic stay, it was unnecessary for the court to resolve whether the preneed funeral contracts held in trust by Iams are property of the bankrupcty estate.

and the briefs of the parties, this Court concludes that the ruling of the bankruptcy court must be affirmed.

## II. Jurisdiction and Standard of Review

This Court has jurisdiction over this bankruptcy appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. This Court reviews the bankruptcy court's conclusions of law under a de novo standard of review. See In re NVR, 189 F.3d 442, 448 (4th Cir. 1999).

## III. Discussion

Iams primarily asserts on appeal that its preneed funeral contracts are property of its bankruptcy estate and that the bankruptcy court erred by permitting the circuit court to enjoin Iams from selling, maintaining or performing those contracts and directing Iams to transfer all open preneed contracts to other funeral homes.[2] Iams's argument misconstrues the thrust of the bankruptcy court's holding. The bankruptcy court held that, even assuming that preneed contracts are property of the bankruptcy estate, the Attorney General has authority to exercise control over those contracts where the Attorney General's action is brought pursuant to the State's police and regulatory powers. Reaching the issue of whether the preneed contracts constitute property of the

---

[2] Iams also argues that the Attorney General was required to hold an administrative hearing regarding Iams's alleged violations of the Preneed Funeral Contracts Act before filing suit in state court. This argument does not relate to the bankruptcy ruling that is on appeal before this Court and, therefore, is more appropriately posed to the circuit court.

4

estate is unnecessary because this Court finds, as did the bankruptcy court, that the police and regulatory power exception to the automatic stay applies in the underlying state action.

The express language of the Bankruptcy Code governs the dispute in this appeal. Title 11, United States Code, Section 362(a) provides that when a debtor files a petition for bankruptcy, an automatic stay takes effect as to eight different categories of actions. 11 U.S.C. § 362(a)(1-8). Among the actions stayed are "judicial . . . proceeding[s] against the debtor that [were] . . . commenced before the commencement of [the bankruptcy filing.]" 11 U.S.C. § 362 (a)(1). An exception to this general stay of judicial proceedings exists for "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power." 11 U.S.C. § 362(b)(4).

A state acts within its police and regulatory powers when it enforces a law intended to promote "public safety and welfare" or to "effectuate public policy." Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 865 (4th Cir. 2001)(citations omitted). A state does not act within its police and regulatory powers, on the other hand, if the purpose of the law to be enforced is to protect "the government's pecuniary interest in the debtor's property" or to "adjudicate private rights." Id. Because many laws both promote the public welfare and protect the state's pecuniary interest, a

court must determine the primary purpose of the law being enforced. <u>Id.</u>

In the underlying state action, the Attorney General alleges that Iams has violated the Preneed Funeral Contracts Act and the West Virginia Consumer Credit and Protection Act by misappropriating money paid by consumers for preneed funeral contracts, by failing to file required documentation with the State, and by failing to obtain required licenses to do business. Under West Virginia law, the Attorney General is empowered to bring suit to vindicate violations of the Preneed Funeral Contracts Act and the West Virginia Consumer Credit and Protection Act. <u>See</u> W. Va. Code §§ 47-14-11(b), 46A-7-108. As stated in West Virginia Code § 47-14-1, the purpose of the Preneed Funeral Contracts Act is to limit "the manner in which a person is permitted to accept funds in prepayment of funeral services to be performed in the future . . . so that at all times members of the public may have an opportunity to arrange and pay for funerals for themselves and their families in advance of need while at the same time providing all possible safeguards. . . ." Similarly, the general consumer protection provisions of the Consumer Credit and Protection Act were also created with the purpose of guarding the public interest: "the purpose of this article is to . . . protect the public and foster fair and honest competition." W. Va. Code § 46A-6-101. The purposes of these laws, as plainly set forth by the legislature in

the statutory texts, are to protect the public and promote public welfare.

In its appellate brief, Iams emphasizes the financial impact that the State's enforcement action may have on its bankruptcy estate. Like the bankruptcy court, this Court is not unaware that a ruling adverse to Iams in the underlying action would impose a monetary cost on Iams's bankruptcy estate. Nonetheless, "the fact that the state action [may require] the debtor to make an expenditure does not necessarily mean that the regulatory exception is inapplicable." Safety-Kleen, 274 F.3d at 865 (citing Commonwealth Oil Refining Co. v. EPA, 805 F.2d 1175, 1186 (5th Cir. 1986)(holding that the EPA could require the debtor to comply with environmental regulations even though compliance would cause the debtor to spend money)). Indeed, where, as here, it is clear that the underlying enforcement action does not primarily relate to any pecuniary interest of the State in the debtor's property or to the adjudication of private rights, the State is permitted to enforce a non-monetary judgment against a debtor who has filed for bankruptcy. In the underlying case, the State seeks injunctive relief prohibiting Iams from selling, maintaining, and performing preneed contracts, a transfer of all open preneed contracts, civil penalties, costs and punitive damages. By order of the circuit court, the State may proceed with its action against Iams only to the extent that it seeks a non-monetary judgment.

Despite the potential financial impact on Iams of the injunctive relief sought by the State, this Court finds that the State's enforcement action in the Circuit Court of Wetzel County falls squarely within the scope of the police and regulatory power exception. Again, in determining whether the police and regulatory power exception applies in a particular case, a court must look to the primary purposes of the laws being enforced. Because it is apparent from the language of the Preneed Funeral Contracts Act and the Consumer Credit and Protection Act that those statutes were drafted with the primary intent of protecting the public, the Attorney General's enforcement of those statutes is an exercise of his police and regulatory power.

IV. Conclusion

Because this Court finds that the exception set forth in 11 U.S.C. § 362(b)(4) applies to the underlying state action, the bankruptcy court's order and memorandum opinion granting the Attorney General's "Motion for Entry of Order and, in the Alternative, Motion to Modify Automatic Stay" and denying Iams's "Motion for Damages For Violation of the Automatic Stay under Section 362(k)(1)" is AFFIRMED. It is further ORDERED that this appeal should be and hereby is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 3, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE